■ FRANK J. KNESZ, Individually and as the Father and Natural Guardian of HOPE V. KNESZ (SINGMAN), an Infant, Appellant, v. RONALD J. SINGMAN et al., Respondents.— Appeal by the plaintiff from a judgment of the Supreme Court in favor of the defendants, entered upon a jury verdict of no cause for action, and from an order of the trial court denying the plaintiff's request for post-trial relief (see CPLR 4404, subd. [a]), both entered December 11, 1969 in the County of Sullivan. The appellant Hope Knesz (Singman) was a passenger in a car operated by the respondent Singman on May 22, 1965 when the car operated by Singman collided with the rear of an automobile being operated by the respondent Doughty on Route 17 near Monticello. The automobiles of both Singman and Doughty were proceeding in the same direction at the time of the collision and both automobiles were situated within the right-hand lane of the highway. The respondent Doughty testified that at the time of the accident she had been following her son's automobile and was slowing down on the highway with her right blinker light on preparatory to pulling off the highway onto the shoulder which she assumed her son was then going to do. The respondent Singman testified that he had seen the Doughty car some distance ahead of him and that he was aware that he was overtaking it, but apparently he was not aware that it had slowed almost entirely to a stop until it was too late to stop himself. His excuse, if any, for striking the Doughty car was that he could not pull to the left and pass the Doughty car because another automobile was in the process of passing him when he observed the position of danger. The testimony of the appellant Hope and of the respondent Singman establishes that during the two hours preceding the accident, Singman had had at most four glasses of beer. The appellant Hope also admitted in cross-examination that she had told her prior attorney that Singman "operated his vehicle while his ability to operate the same was impaired". Since the appellants had the burden of proving that Hope was free of contributory negligence and since accepting a ride in an automobile known to be operated by

an intoxicated person is either an assumption of risk or contributory negligence, the testimony of the appellant Hope was in the nature of an admission against interest. (Cf. *Burnell* v. *La Fountain*, 6 A D 2d 586; *Eisenberg* v. *Green*, 33 A D 2d 756.) However, as in the *Burnell* case, there is no probative evidence that Singman's ability to operate the automobile had in any way been impaired by alcoholic beverages. Upon the present record the conclusions that the appellant Hope was free from contributory negligence and that the respondent Singman was negligent are almost inescapable. We cannot tell from the present record whether the jury found in favor of the respondent Doughty because of contributory negligence on the part of the appellant or whether the jury found that Doughty was not guilty of any negligence contributing to the accident. Accordingly, the order and judgment must be reversed as to both respondents and a new trial granted. Under our decision, it is not necessary to consider the alleged errors of law. Order and judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Herlihy, P. J., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.